IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| JAMES JOHNTE' DORSEY,<br><br>  Plaintiff,<br><br> v.<br><br>PRINCE GEORGE'S COUNTY POLICE DEPT., et al.,<br><br>  Defendants. | Civil Action No.: BAH-24-868 |

## MEMORANDUM

Self-represented Plaintiff James Johnte' Dorsey, currently incarcerated at Eastern Correctional Institution ("ECI"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Prince George's County Police Department, Detective Dennis Windsor, Detective David Ahn, Tech/Officer Ryan Miller, and Pat McAveety on March 22, 2024. ECF 1. Because Plaintiff's Complaint failed to state a claim, Plaintiff was granted an opportunity to amend it. ECF 6. Plaintiff filed an amended complaint on May 10, 2024. ECF 7 (the "Amended Complaint"). The Amended Complaint alleges that Defendants violated Plaintiff's constitutional rights during the course of their investigation and prosecution of Plaintiff for second-degree murder. ECF 7; *see also State v. Dorsey*, Case No. CT200319X (Prince George's Co. Cir. Ct.).[1] Plaintiff also filed Motions to Proceed in Forma Pauperis, ECF 2 and 8, which will be granted. For the reasons that follow, however, the Complaint must be dismissed.

---

[1] "The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Civ. P. 201(b). This Court takes judicial notice of facts available on the dockets for Plaintiff's state criminal proceedings.

Plaintiff's Amended Complaint alleges that Defendants repeatedly made false statements against Plaintiff during the investigation of Plaintiff's criminal case, at trial, and at sentencing. ECF 7.  This lawsuit cannot proceed at this time, however, because of the doctrine of the *Younger* abstention. *Younger v. Harris*, 410 U.S. 37 (1971).  The *Younger* abstention doctrine requires a federal court to abstain from interfering in state proceedings, if there is: "(1) an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).  "*Younger* … sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Id.* at 247

On March 8, 2024, Plaintiff was convicted of second-degree murder in the Circuit Court for Prince George's County and sentenced to a term of imprisonment of 40 years beginning on January 8, 2020. *State v. Dorsey*, No. CT200319X (Prince George's Co. Cir. Ct.).  On March 22, 2024, Plaintiff filed a direct appeal of Plaintiff's conviction and sentencing in the Appellate Court of Maryland, which remains pending. *Dorsey v. State*, No. ACM-REG-0127-2024 (App. Ct. Md.). Plaintiff filed the instant civil action the same day.  ECF 1.

Plaintiff included several documents referencing Plaintiff's criminal case with the Amended Complaint.  ECF 7-1.  It is clear to the Court that the claims in the Amended Complaint stem directly from the investigation and prosecution of that state criminal case. *Id.*  Litigation of claims arising from the investigation and prosecution of Plaintiff's criminal case cannot properly be heard in federal court before their resolution in state court.  The State of Maryland has an important interest in resolving criminal charges stemming from alleged violations of state law. The federal issues underlying this civil rights lawsuit are naturally implicated in Plaintiff's pending

appeal of Plaintiff's criminal conviction and Plaintiff will have an opportunity to advance many of them there. This Court's premature intervention could result in inconsistent rulings or impermissibly intrude on the state court's functions. *See Younger*, 401 U.S. at 44.

Accordingly, Plaintiff's Complaint must be dismissed without prejudice. Plaintiff is not prohibited from refiling a federal lawsuit after the state criminal case has been resolved. A separate Order follows.

  October 31, 2024  
Date

                    /s/
Brendan A. Hurson
United States District Judge